UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA JO CINI, et al.,

    Plaintiffs,

v.

MERCEDES-BENZ USA, LLC,

    Defendant.

Case No. 24-cv-00288-RS

**ORDER DENYING MOTION TO REMAND**

## I. INTRODUCTION

Plaintiffs Patricia Jo Cini and Robert Lawrence Cini (Plaintiffs) initially filed this suit against Defendant Mercedes-Benz USA, LLC (Defendant) in the Superior Court of California, County of San Mateo, on October 30, 2023. On January 17, 2024, Defendant removed the case to the Northern District of California, asserting both diversity and federal question jurisdiction pursuant to 28 U.S.C. §§ 1332, 1331 and 15 U.S.C. § 2310. Plaintiffs move to remand back to state court. For the reasons explained below, Plaintiffs' motion is denied, and removal is proper. Plaintiffs also filed certain evidentiary objections to Defendant's notice of removal, however the objections represent Plaintiffs' substantive arguments in the motion to remand. Accordingly, the evidentiary objections are overruled.

## II. BACKGROUND

This case is about Plaintiffs' purchase of a 2020 Mercedes-Benz GLE (the "vehicle") that was manufactured or distributed by Defendant. The vehicle was covered by an express written warranty. During the warranty period, the vehicle allegedly developed nonconformities to the

1   warranty including defective seats, abnormal wear, and fit and finish defects. The operative

2   Complaint advances six causes of action against Defendant, asserting violations of the Song-

3   Beverly Consumer Warranty Act ("the Song-Beverly Act"), also known as California's "lemon

4   law," and the Magnuson-Moss Warranty Act ("the Magnuson-Moss Act"). Defendants insist that

5   upon becoming apprised of the amount in controversy at issue in Plaintiffs' Complaint, it timely

6   filed its removal notice based on both diversity and federal question jurisdiction.

Plaintiffs' motion to remand has three bases: first, Defendant's removal was untimely because it was not filed within 30 days of service; second Defendant's citizenship allegations are speculative and insufficient; and third, the amount-in-controversy allegations are similarly flawed.

### III. LEGAL STANDARD

A defendant may seek removal of an action based on federal question jurisdiction or diversity jurisdiction pursuant to 28 U.S.C. § 1441. There is a presumption against federal jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A "notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). If the case as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after "receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "These two 30-day periods are not the exclusive periods to remove; provided that neither is triggered, a defendant may remove at any time based on the results of its own investigations." *Anaya v. Mars Petcare U.S., Inc.*, No. ED CV 21-1603 PSG (KKx), 2021 WL 5578724 at *2 (C. D. Cal. Nov. 29. 2021) (citing to *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). "'The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is

within the original jurisdiction of the district court.'" *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir.2003) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. DISCUSSION

### A. Untimeliness

Defendant removed the case to federal court 78 days after the Complaint was filed in state court, and Plaintiffs insist this gap renders Defendant's removal notice untimely under Sections 1446(b)(1) and 1446(b)(3). The Ninth Circuit has held that the two 30-day periods in Sections 1446(b)(1) and 1446(b)(3) are merely "periods during which a defendant must remove if one of the thirty-day time limits is triggered" and a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided it has not run afoul of either of the thirty-day deadlines." *Roth*, 720 F.3d at 1125. Defendant insists that removability was not readily ascertainable from the face of the Complaint, and it removed once it discovered, by its own investigation, that the case was removable. Regardless, Plaintiffs' procedural objection to Defendant's notice of removal is waived because their own motion to remand was filed more than 30 days after the notice of removal.[1] 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"); *see also Maniar v. F.D.I.C.*, 979 F.2d 782, 784–85 (9th Cir. 1992) ("We hold that untimely removal is a procedural defect and not jurisdictional and that § 1447(c) limits a district court's power to remand a case sua sponte for such a procedural defect.").

### B. Diversity Jurisdiction

In its notice of removal, Defendant asserts complete citizenship diversity with Plaintiffs on the basis that the parties are citizens of different states and the amount-in-controversy exceeds

---

[1] The notice of removal was filed on January 17, 2024, and the motion to remand was filed on February 21, 2024.

1   $75,000. According to Defendant, it is a Delaware limited liability company with its principal
2   place of business in Georgia, and has only one member, the Mercedes-Benz North America
3   Corporation, which is a Delaware corporation with its principal place of business in Michigan. *See*
4   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a
5   citizen of every state of which its owners/members are citizens"). Defendant also asserts that,
6   based on the signature on the purchase agreement for the vehicle, Plaintiffs are residents of San
7   Mateo County, California. Further, while the Complaint is silent as to damages, Defendant
8   calculates the amount-in-controversy to exceed the $75,000 threshold required for diversity
9   jurisdiction.

10   Plaintiffs insist that the notice of removal contains only bare allegations as to the
11  citizenship requirement and potential damages. While Plaintiffs do not challenge any
12  representations about Defendant's own citizenship, they argue that Defendant's claims about
13  Plaintiffs' citizenship and residency are unfounded. However, Defendant based its determination
14  on the purchase agreement for the vehicle, which indicated that Plaintiffs resided in San Mateo
15  County, California. Plaintiffs could have refuted that reasonable conclusion by simply stating their
16  citizenship in their motion to remand but failed to do so. Plaintiffs also failed to file a reply brief
17  addressing this omission.

18   Plaintiffs next argue that Defendant has failed to meet its burden with regard to the
19  amount-in-controversy. For a federal court to have diversity jurisdiction over a case, the parties
20  must not only have different state citizenship, but the amount at issue must exceed $75,000. 28
21  U.S.C. § 1332. A removing defendant need not "prove to a legal certainty that the amount in
22  controversy requirement has been met." *Dart Cherokee Operating Co., LLC v. Owens*, 574 U.S.
23  81, 89 (2014) (citations omitted). "Removal…is proper on the basis of an amount in controversy
24  asserted…if the district court finds, by a preponderance of evidence, that the amount in
25  controversy exceeds the jurisdictional threshold." *Id.* at 89 (citations omitted). In order to
26  determine the jurisdictional amount is in controversy, a court must "consider whether it is 'facially
27  apparent' from the complaint." *Abrego Abrego*, 443 F.3d at 690. If not, "the court may consider

facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Bare conclusory allegations are insufficient to determine the jurisdictional amount. *Id*.

Here, the removal notice contains more than mere "conclusory allegations" to support Defendant's contention. Since the Complaint was silent on damages, Defendant investigated Plaintiffs' allegations, the causes of action, and the requested damages. Plaintiffs seeks reimbursement of the entire amount paid for the vehicle, damages, penalties "two times the amount of actual damages," reasonable attorney's fees, prejudgment interest, and other relief. The Song-Beverly Act permits restitution in "an amount equal to the actual price paid or payable by the buyer" and certain collateral damages, as well as civil penalties up to twice the amount of actual damages, which is what Plaintiffs are seeking. Defendant represented that the vehicle was purchased for $55,316.00, and Plaintiffs could be awarded up to twice that amount in additional damages, for a total of $165,948 without calculating incidental or consequential damages or attorneys' fees. Aside from evidentiary objections, Plaintiffs' motion is bereft of specific arguments casting doubt on Defendant's calculations other than accusing them of being "bare allegations, without evidentiary foundation, and invit[ing] shear [*sic*] speculation regarding all the elements of damages." However, Defendant's conclusions are based on Plaintiffs' pleadings and reasonable calculations of possible damages. Accordingly, the amount-in-controversy exceeds the jurisdictional threshold.

### C. Federal Question Jurisdiction

Defendant also removed on federal question grounds. Plaintiffs bring a claim under the Magnuson-Moss Act, a federal statute governing warranties on consumer products. The Magnuson-Moss Act has its own jurisdictional amount-in-controversy requirement, that is, the amount must exceed $50,000 for federal jurisdiction to be exercised. As explained above, Defendants have shown that Plaintiffs may plausibly recover well over that amount if Defendants are found liable. Therefore, removal is proper under federal question jurisdiction as well.

### D.  CONCLUSION

For the foregoing reasons, removal was proper. Accordingly, Plaintiffs' motion to remand

is denied.

**IT IS SO ORDERED**.

Dated: March 15, 2024

_____
Richard Seeborg
Chief United States District Judge